UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BAKER,

       Plaintiff,

                                  Case No.  12-cv-15290
vs.                                    HON .GERSHWIN A.  DRAIN

VERNON ROY STEVENSON, *et al.*,

       Defendants.

_____/

### ORDER GRANTING DEFENDANT MCCARROLL'S MOTION TO COMPEL DISCOVERY [#25] AND CANCELLING AUGUST 12, 2013 HEARING

On November 30, 2012, Plaintiff filed the present 42 U.S.C. § 1983 action alleging that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. This Court issued a scheduling order on June 19, 2013 providing a discovery cutoff of December 19, 2013.

Presently before the Court is Defendant Brian McCarroll's Motion to Compel, filed on June 20, 2013. Defendant seeks an order compelling Plaintiff to sign authorizations to release his medical records to counsel for Defendant. The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Rule 37(a)(1) states in relevant part: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery . . . ." Here, Plaintiff's medical records are plainly relevant to his deliberate indifference to serious medical needs claims. *See Sanders v. Prison Health Services, Inc.,* No. 10-CV-12846, 2012 U.S. Dist. LEXIS 2751, *6-7 (E.D. Mich. Jan. 10, 2012); *Catanzaro v. Carr*, No. 10-CV-14554, 2011 U.S. Dist. LEXIS 98526, *4 (E.D. Mich. Sept. 1, 2011); *McCormick v. Brzezinksi*, No. 08-CV-10075, 2008 U.S. Dist. LEXIS 95260, *8-9 (E.D. Mich. Nov. 18, 2008).

Plaintiff filed a response to Defendant McCarroll's present motion on July 4, 2013, indicating that he has no objection to providing defense counsel with the signed authorizations. Counsel for Plaintiff indicates that Plaintiff, who is incarcerated in the upper peninsula, had difficulty returning the signed authorizations because the prison notary had misplaced his stamp. However, since the filing of Defendant McCarroll's present motion, Plaintiff was able to get the medical releases signed and notarized and has informed his counsel that he would mail the signed authorizations on July 3, 2013. Counsel for Plaintiff indicates that it is her intent to forward the signed releases as soon as she receives them. Accordingly, the Court will grant Defendant McCarroll's Motion to Compel and orders Plaintiff to provide defense counsel with the signed authorizations no later than July 22, 2013.

As to Defendant McCarroll's request for attorney fees and costs incurred as a result of bringing the instant motion, the Court denies Defendant's request. Rule 37 of the Federal Rules of Civil Procedure states:

> If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed –the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in

making the motion, including attorney's fees.  But the court must not order payment if:
    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
    (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  Here, the Court finds that the circumstances render an award of expenses unjust.  *Id.*  Plaintiff is incarcerated and his inability to swiftly execute the signed medical authorizations appears to be the fault of the prison facility's notary, rather than any dilatory conduct on the part of Plaintiff, or his counsel.  Further, this case is in its infancy with a discovery cutoff of December 19, 2013, thus there is no discernible prejudice to Defendant if he receives the authorizations by the end of July of 2013.

    Accordingly, Defendant McCarroll's Motion to Compel [#25] is GRANTED.  Plaintiff shall provide Defendant's counsel with the signed authorizations no later than July 24, 2013.  The August 12, 2013 hearing is cancelled.

    SO ORDERED.


Dated: July 22, 2013                    /s/Gershwin A Drain
                                              GERSHWIN A. DRAIN
                                              UNITED STATES DISTRICT JUDGE