UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BAKER,

       Plaintiff,                              Case No. 12-cv-15290
                                               HON. GERSHWIN A. DRAIN

vs.

VERNON ROY STEVENSON,
*et al.*,
       Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#75]

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's March 31, 2014 Opinion and Order Granting Defendants' Motions for Summary Judgment. *See* Dkt. No. 73. The Court's March 31, 2014 Opinion and Order concluded that Plaintiff's Eighth Amendment deliberate indifference claim failed as a matter of law because his disagreement over Defendants' medical opinions concerning the appropriate treatment for his chronic back pain did not amount to a cognizable deliberate indifference claim. *Id.* at 14, 16.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan governs Motions for Reconsideration and provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

-1-

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). Upon review of Plaintiff's present motion, the Court finds that Plaintiff has failed to demonstrate a palpable defect by which this Court has been misled the correction of which will result in a different disposition of this matter.

As an initial matter, Plaintiff continues to selectively rely on his medical records. Plaintiff is incorrect in claiming he never specifically asked for Methadone. There are numerous instances where his treating doctors, physicians assistants or nurses noted his pleas for a Methadone prescription. Moreover, Plaintiff is also selectively reading, or ignoring altogether the medical evidence that he was in fact receiving treatment for his back condition. Plaintiff points to no palpable defect with respect to this Court's conclusion that Plaintiff cannot demonstrate a question of fact exists as to whether his treatment was "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Lastly, it was not error for the Court to grant Defendant Corizon's Motion for Summary Judgment notwithstanding that the Magistrate Judge granted Plaintiff's Motion to Compel and Plaintiff is still awaiting discovery responses with respect to his *Monell* claim. Because the Court finds that there has been no constitutional violation, Corizon cannot be liable under 42 U.S.C. § 1983. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). As such, any

outstanding *Monell* discovery will not change the Court's conclusions with respect to Plaintiff's claim against Corizon.

Based on the foregoing considerations, the Court finds that Plaintiff has failed to demonstrate a palpable defect by which this Court has been misled the correction of which will result in a different disposition of this matter. Accordingly, Plaintiff's Motion for Reconsideration [#75] is DENIED.

SO ORDERED.

Dated:  April 8, 2014                                            /s/Gershwin A Drain
                                                              GERSHWIN A. DRAIN
                                                              U.S. DISTRICT JUDGE